UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF NEW YORK

Jean-Marc Zimmerman (JZ 7743)
Zimmerman, Levi & Korsinsky, LLP
226 St. Paul Street
Westfield, NJ 07090
Tel:  (908) 654-8000
Fax: (908) 654-7207

Attorneys for Plaintiffs Millennium, L.P. and Eon-Net, L.P.

| | |
|---|---|
| MILLENNIUM, L.P. and EON-NET, L.P., <br><br> Plaintiffs, <br><br> v. <br><br> PITNEY BOWES INC., <br><br> Defendant. | **CIVIL ACTION NO. 08-CV-02945** <br><br> **COMPLAINT FOR PATENT INFRINGEMENT** <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiffs Millennium, L.P. ("Millennium") and Eon-Net, L.P. ("Eon-Net") (hereinafter collectively referred to as "Plaintiffs"), demand a jury trial and complain against the defendant as follows:

## THE PARTIES

1. Millennium is a limited partnership organized and existing under the laws of the Cayman Islands, with its principal place of business at Clifton House, 75 Fort Street, P.O. Box 190, George Town, Grand Cayman, Cayman Islands.

2. Eon-Net is a limited partnership organized and existing under the laws of the British Virgin Islands, with its principal place of business at P.O. Box 116, Road Town, Tortola, British Virgin Islands.

3. Upon information and belief, Pitney Bowes Inc. (hereinafter referred to as "Defendant" or "PB") is a corporation organized and existing under the laws of the State of Massachusetts having its headquarters at 1 Elmcroft Road, Stamford, CT 06926-0700.

**JURISDICTION AND VENUE**

4. This action arises under the Patent laws of the United States of America, Title 35 of the United States Code. This Court has jurisdiction of this action under 28 U.S.C. §§ 1331 and 1338(a).

5. On information and belief, Defendant is doing business and committing infringements in this judicial district and is subject to personal jurisdiction in this judicial district.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400(b).

**CLAIM FOR PATENT INFRINGEMENT**

7. Plaintiffs repeat and incorporate herein the entirety of the allegations contained in paragraphs 1 through 6 above.

8. On November 2, 1993, U.S. Patent No. 5,258,855 (hereinafter referred to as "the '855 Patent") was duly and legally issued to System X, L.P. for an invention entitled "Information Processing Methodology." The '855 Patent was subsequently assigned to Millennium. A copy of the '855 Patent is attached to this Complaint as Exhibit 1.

9. On November 29, 1994, U.S. Patent No. 5,369,508 (hereinafter referred to as "the '508 Patent") was duly and legally issued to System X, L.P. for an invention entitled "Information Processing Methodology." The '508 Patent was subsequently assigned to Millennium. A copy of the '508 Patent is attached to this Complaint as Exhibit 2.

10. On April 29, 1997, U.S. Patent No. 5,625,465 (hereinafter referred to as "the '465 Patent") was duly and legally issued to International Patent Holdings, Ltd. for an invention entitled "Information Processing Methodology." The '465 Patent was subsequently assigned to Millennium. A copy of the '465 Patent is attached to this Complaint as Exhibit 3.

11. On June 16, 1998, U.S. Patent No. 5,768,416 (hereinafter referred to as "the '416 Patent") was duly and legally issued to Millennium for an invention entitled "Information Processing Methodology." A copy of the '416 Patent is attached to this Complaint as Exhibit 4.

12. On July 25, 2000, U.S. Patent No. 6,094,505 (hereinafter referred to as "the '505 Patent") was duly and legally issued to Millennium for an invention entitled "Information Processing Methodology." A copy of the '505 Patent is attached to this Complaint as Exhibit 5.

13. Millennium is the owner of all right, title and interest in and to the '855 Patent, the '508 Patent, the '465 Patent, the '416 Patent and the '505 Patent.

14. On January 27, 2004, U.S. Patent No. 6,683,697 (hereinafter referred to as "the '697 Patent") was duly and legally issued to Millennium for an invention entitled "Information Processing Methodology." The '697 Patent was subsequently assigned to Eon-Net. A Certificate of Correction to the '697 Patent issued on July 26, 2005. A copy of the '697 Patent and the Certificate of Correction are attached to this Complaint as Exhibit 6.

15. On July 11, 2006, U.S. Patent No. 7,075,673 (hereinafter referred to as "the '673 Patent") was duly and legally issued to Eon-Net for an invention entitled "Information Processing Methodology." A copy of the '673 Patent is attached to this Complaint as Exhibit 7.

16. On February 27, 2007, U.S. Patent No. 7,184,162 (hereinafter referred to as "the '162 Patent") was duly and legally issued to Eon-Net for an invention entitled "Information Processing Methodology." A copy of the '162 Patent is attached to this Complaint as Exhibit 8.

17. Eon-Net is the owner of all right, title and interest in and to the '697 Patent, the '673 Patent and the '162 Patent.

## COUNT ONE

18. Millennium repeats and incorporates herein the entirety of the allegations contained in paragraphs 1 and 3 through 13 above.

19. PB has for a long time past and still is infringing, actively inducing the infringement of and contributorily infringing in this judicial district, the '855 Patent by, among other things, importing, making, using, offering for sale, and/or selling computer hardware, software and systems in which information from a hard copy document is extracted and transmitted to an application

program in a manner defined by the claims of the '855 Patent without permission from Millennium and will continue to do so unless enjoined by this Court.

20. Millennium has been damaged by such infringing activities by the Defendant and will be irreparably harmed unless such infringing activities are enjoined by this Court.

## COUNT TWO

21. Millennium repeats and incorporates herein the entirety of the allegations contained in paragraphs 1, 3 through 13, and 18 through 20 above.

22. PB has for a long time past and still is infringing, actively inducing the infringement of and contributorily infringing in this judicial district, the '508 Patent by, among other things, importing, making, using, offering for sale, and/or selling computer hardware, software and systems in which information from a hard copy document is extracted and transmitted to an application program in a manner defined by the claims of the '508 Patent without permission from Millennium and will continue to do so unless enjoined by this Court.

23. Millennium has been damaged by such infringing activities by the Defendant and will be irreparably harmed unless such infringing activities are enjoined by this Court.

## COUNT THREE

24. Millennium repeats and incorporates herein the entirety of the allegations contained in paragraphs 1, 3 through 13, and 18 through 23 above.

25. PB has for a long time past and still is infringing, actively inducing the infringement of and contributorily infringing in this judicial district, the '465 Patent by, among other things, importing, making, using, offering for sale, and/or selling computer hardware, software and systems in which information from a hard copy document is extracted and transmitted to an application program in a manner defined by the claims of the '465 Patent without permission from Millennium and will continue to do so unless enjoined by this Court.

26. Millennium has been damaged by such infringing activities by the Defendant and will be irreparably harmed unless such infringing activities are enjoined by this Court.

## COUNT FOUR

27. Millennium repeats and incorporates herein the entirety of the allegations contained in paragraphs 1, 3 through 13, and 18 through 26 above.

28. PB has for a long time past and still is infringing, actively inducing the infringement of and contributorily infringing in this judicial district, the '416 Patent by, among other things, importing, making, using, offering for sale, and/or selling computer hardware, software and systems in which information from a hard copy document is extracted and transmitted to an application program in a manner defined by the claims of the '416 Patent without permission from Millennium and will continue to do so unless enjoined by this Court.

29. Millennium has been damaged by such infringing activities by the Defendant and will be irreparably harmed unless such infringing activities are enjoined by this Court.

## COUNT FIVE

30. Millennium repeats and incorporates herein the entirety of the allegations contained in paragraphs 1, 3 through 13, and 18 through 29 above.

31. PB has for a long time past and still is infringing, actively inducing the infringement of and contributorily infringing in this judicial district, the '505 Patent by, among other things, importing, making, using, offering for sale, and/or selling computer hardware, software and systems in which information from a hard copy document is extracted and transmitted to an application program in a manner defined by the claims of the '505 Patent without permission from Millennium and will continue to do so unless enjoined by this Court.

32. Millennium has been damaged by such infringing activities by the Defendant and will be irreparably harmed unless such infringing activities are enjoined by this Court.

## COUNT SIX

33. Eon-Net repeats and incorporates herein the entirety of the allegations contained in paragraphs 2 through 7, and 14 through 17 above.

34. PB has for a long time past and still is infringing, actively inducing the infringement of and contributorily infringing in this judicial district, the '697 Patent by, among other things, importing, making, using, offering for sale, and/or selling computer hardware, software and systems in which information from an electronic document is extracted and transmitted to an application program in a manner defined by the claims of the '697 Patent without permission from Eon-Net and will continue to do so unless enjoined by this Court.

35. Eon-Net has been damaged by such infringing activities by the Defendant and will be irreparably harmed unless such infringing activities are enjoined by this Court.

### COUNT SEVEN

36. Eon-Net repeats and incorporates herein the entirety of the allegations contained in paragraphs 2 through 7, 14 through 17, and 33 through 35 above.

37. PB has for a long time past and still is infringing, actively inducing the infringement of and contributorily infringing in this judicial district, the '673 Patent by, among other things, importing, making, using, offering for sale, and/or selling computer hardware, software and systems in which information from an electronic document is extracted and transmitted to an application program in a manner defined by the claims of the '673 Patent without permission from Eon-Net and will continue to do so unless enjoined by this Court.

38. Eon-Net has been damaged by such infringing activities by the Defendant and will be irreparably harmed unless such infringing activities are enjoined by this Court.

### COUNT EIGHT

39. Eon-Net repeats and incorporates herein the entirety of the allegations contained in paragraphs 2 through 7, 14 through 17, and 33 through 38 above.

40. PB has for a long time past and still is infringing, actively inducing the infringement of and contributorily infringing in this judicial district, the '162 Patent by, among other things, importing, making, using, offering for sale, and/or selling computer hardware, software and systems in which information from an electronic document is extracted and transmitted to an application

program in a manner defined by the claims of the '162 Patent without permission from Eon-Net and will continue to do so unless enjoined by this Court.

41.   Eon-Net has been damaged by such infringing activities by the Defendant and will be irreparably harmed unless such infringing activities are enjoined by this Court.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs Millennium and Eon-Net pray for judgment against the Defendant PB on all the counts and for the following relief:

A. Declaration that Millennium is the owner of the '855 Patent, and that it has the right to sue and to recover for infringement thereof;

B. Declaration that the '855 Patent is valid and enforceable;

C. Declaration that the Defendant has infringed, actively induced infringement of, and contributorily infringed the '855 Patent;

D. A preliminary and permanent injunction against the Defendant, each of its officers, agents, servants, employees, and attorneys, all parent and subsidiary corporations, their assigns and successors in interest, and those persons acting in active concert or participation with them, enjoining them from continuing acts of infringement, active inducement of infringement, and contributory infringement of the '855 Patent;

E. An accounting for damages under 35 U.S.C. §284 for infringement of the '855 Patent by the Defendant and the award of damages so ascertained to Millennium together with interest as provided by law;

F. Declaration that Millennium is the owner of the '508 Patent, and that it has the right to sue and to recover for infringement thereof;

G. Declaration that the '508 Patent is valid and enforceable;

H. Declaration that the Defendant has infringed, actively induced infringement of, and contributorily infringed the '508 Patent;

I. A preliminary and permanent injunction against the Defendant, each of its officers, agents, servants, employees, and attorneys, all parent and subsidiary corporations, their assigns and successors in interest, and those persons acting in active concert or

|   |    |   |
|---|----|---|
| 1 |    | participation with them, enjoining them from continuing acts of infringement, active inducement of infringement, and contributory infringement of the '508 Patent; |
| 3 | J. | An accounting for damages under 35 U.S.C. §284 for infringement of the '508 Patent by the Defendant and the award of damages so ascertained to Millennium together with interest as provided by law; |
| 6 | K. | Declaration that Millennium is the owner of the '465 Patent, and that it has the right to sue and to recover for infringement thereof; |
| 8 | L. | Declaration that the '465 Patent is valid and enforceable; |
| 9 | M. | Declaration that the Defendant has infringed, actively induced infringement of, and contributorily infringed the '465 Patent; |
| 11 | N. | A preliminary and permanent injunction against the Defendant, each of its officers, agents, servants, employees, and attorneys, all parent and subsidiary corporations, their assigns and successors in interest, and those persons acting in active concert or participation with them, enjoining them from continuing acts of infringement, active inducement of infringement, and contributory infringement of the '465 Patent; |
| 16 | O. | An accounting for damages under 35 U.S.C. §284 for infringement of the '465 Patent by the Defendant and the award of damages so ascertained to Millennium together with interest as provided by law; |
| 19 | P. | Declaration that Millennium is the owner of the '416 Patent, and that it has the right to sue and to recover for infringement thereof; |
| 21 | Q. | Declaration that the '416 Patent is valid and enforceable; |
| 22 | R. | Declaration that the Defendant has infringed, actively induced infringement of, and contributorily infringed the '416 Patent; |
| 24 | S. | A preliminary and permanent injunction against the Defendant, each of its officers, agents, servants, employees, and attorneys, all parent and subsidiary corporations, their assigns and successors in interest, and those persons acting in active concert or participation with them, enjoining them from continuing acts of infringement, active inducement of infringement, and contributory infringement of the '416 Patent; |

8

MILLENNIUM V. PB

1  T.  An accounting for damages under 35 U.S.C. §284 for infringement of the '416 Patent by the Defendant and the award of damages so ascertained to Millennium together with interest as provided by law;

U.  Declaration that Millennium is the owner of the '505 Patent, and that it has the right to sue and to recover for infringement thereof;

V.  Declaration that the '505 Patent is valid and enforceable;

W.  Declaration that the Defendant has infringed, actively induced infringement of, and contributorily infringed the '505 Patent;

X.  A preliminary and permanent injunction against the Defendant, each of its officers, agents, servants, employees, and attorneys, all parent and subsidiary corporations, their assigns and successors in interest, and those persons acting in active concert or participation with them, enjoining them from continuing acts of infringement, active inducement of infringement, and contributory infringement of the '505 Patent;

Y.  An accounting for damages under 35 U.S.C. §284 for infringement of the '505 Patent by the Defendant and the award of damages so ascertained to Millennium together with interest as provided by law;

Z.  Declaration that Eon-Net is the owner of the '697 Patent, and that it has the right to sue and to recover for infringement thereof;

AA.  Declaration that the '697 Patent is valid and enforceable;

BB.  Declaration that the Defendant has infringed, actively induced infringement of, and contributorily infringed the '697 Patent;

CC.  A preliminary and permanent injunction against the Defendant, each of its officers, agents, servants, employees, and attorneys, all parent and subsidiary corporations, their assigns and successors in interest, and those persons acting in active concert or participation with them, enjoining them from continuing acts of infringement, active inducement of infringement, and contributory infringement of the '697 Patent;

DD. An accounting for damages under 35 U.S.C. §284 for infringement of the '697 Patent by the Defendant and the award of damages so ascertained to Eon-Net together with interest as provided by law;

EE. Declaration that Eon-Net is the owner of the '673 Patent, and that it has the right to sue and to recover for infringement thereof;

FF. Declaration that the '673 Patent is valid and enforceable;

GG. Declaration that the Defendant has infringed, actively induced infringement of, and contributorily infringed the '673 Patent;

HH. A preliminary and permanent injunction against the Defendant, each of its officers, agents, servants, employees, and attorneys, all parent and subsidiary corporations, their assigns and successors in interest, and those persons acting in active concert or participation with them, enjoining them from continuing acts of infringement, active inducement of infringement, and contributory infringement of the '673 Patent;

II. An accounting for damages under 35 U.S.C. §284 for infringement of the '673 Patent by the Defendant and the award of damages so ascertained to Eon-Net together with interest as provided by law;

JJ. Declaration that Eon-Net is the owner of the '162 Patent, and that it has the right to sue and to recover for infringement thereof;

KK. Declaration that the '162 Patent is valid and enforceable;

LL. Declaration that the Defendant has infringed, actively induced infringement of, and contributorily infringed the '162 Patent;

MM. A preliminary and permanent injunction against the Defendant, each of its officers, agents, servants, employees, and attorneys, all parent and subsidiary corporations, their assigns and successors in interest, and those persons acting in active concert or participation with them, enjoining them from continuing acts of infringement, active inducement of infringement, and contributory infringement of the '162 Patent;

NN. An accounting for damages under 35 U.S.C. §284 for infringement of the '162 Patent by the Defendant and the award of damages so ascertained to Eon-Net together with interest as provided by law;

OO. Award of reasonable attorney's fees to the Plaintiffs Millennium and Eon-Net pursuant to 35 U.S.C. §285;

PP. Award of Millennium and Eon-Net's costs and expenses; and

QQ. Such other and further relief as this Court may deem proper, just and equitable.

## DEMAND FOR JURY TRIAL

The Plaintiffs Millennium and Eon-Net demand a trial by jury of all issues properly triable by jury in this action.

By: /s/Jean-Marc Zimmerman
Jean-Marc Zimmerman (JZ 7743)
Zimmerman, Levi & Korsinsky, LLP
226 St. Paul Street
Westfield, NJ 07090
Tel: (908) 654-8000
Fax: (08) 654-7207
Attorneys for Plaintiffs Millennium, L.P.
and Eon-Net, L.P.

Dated: March 19, 2008
Westfield, NJ