**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

———————————————————

MILLENNIUM, L.P. and EON-NET, L.P.,  :

           : **08-CV-02945 (WHP)(DFE)**

       Plaintiffs, :

           :

     v.      :

           :

PITNEY BOWES INC.,     :

           :

       Defendant. : **<u>JOINT RULE 26(f) REPORT</u>**

           :

———————————————————

   Pursuant to Order for initial Pretrial Conference ("the Order") issued in this matter on

April 21, 2008, Plaintiffs Millennium, L.P. and Eon-Net, L.P. (hereinafter collectively

"Millennium" or "Plaintiffs") and Defendant Pitney Bowes Inc. ("PBI" or "Defendant"),

respectfully submit this joint report.

1.  The Action

   This is a patent infringement action.  Plaintiffs have alleged infringement of U.S. Patent

Nos. 6,094,505, 5,768,416, 5,625,465, 5,369,508, 5,258,855, 6,683,697, 7,075,673 and

7,184,162 ("the Patents"), each entitled Information Processing Methodology.  In their

Complaint, Plaintiffs allege that Defendant is selling software products and providing services

that infringe these patents in violation of 35 U.S.C. §271.  Although not specified in the

Complaint, in post-filing correspondence sent to the Defendant, Millennium asserted that

Defendant's Scanning Software, PB First and Postage By Phone software products are covered

by the claims of the asserted patents.  The foregoing products were allegedly identified in

Millennium's pre-suit investigation, and are not presumed to be inclusive of all allegedly

infringing PBI products and/or services.

Defendant has not yet responded to the Complaint. Such response is presently due on or before September 2, 2008.

The Patents, which have more than 450 separate "claims," allegedly cover methods and systems for extracting information from documents or files and the transmission of the extracted information to an application program. Specifically, U.S. Patent Nos. 6,094,505, 5,768,416, 5,625,465, 5,369,508 and 5,258,855 allegedly cover, for example, the extraction of information from scanned hard copy documents (invoices, checks, resumes, etc.) using content instructions and the transmission of the extracted information to an application program according to transmission format instructions. U.S. Patent Nos. 6,683,697, 7,075,673 and 7,184,162 allegedly cover, for example the extraction of information entered into an HTML form on a web page of a website and the transmission of the extracted information to an application program residing on a web server associated with the Website according to transmission format instructions.

Plaintiffs seek a judgment that Defendant is infringing the Patents, an accounting and a resulting award for past damages, an injunction against Defendant's ongoing infringing activities, an award of their reasonable attorney's fees, and an award of their costs and expenses.

Defendant's investigation of the allegations of the Complaint is on-going, although Defendant expects to defend the action by asserting at least non-infringement and/or invalidity defenses with respect to particular, as-yet unidentified ones of the more than 450 claims of the Patents, once the Court suitably narrows the scope of Plaintiffs' Complaint. Other legal and equitable defenses. Defendant also expects to allege such defenses, other legal and equitable defenses, and counterclaims as are warranted and necessary, at the appropriate time.

2.    The Rule 16(b) Conference

The undersigned counsel for the parties conferred telephonically pursuant to Fed. R. Civ. P. 26(f), on August 25, 2008.

3.    Proposed Discovery Plan

Counsel for the parties have discussed the nature and typical proceedings of a complex 8-patent case such as this one and agree that structured patent-related discovery is warranted and appropriate, and will reduce the burden on the Court and parties themselves.  The parties' proposed scheduling order is attached to this Report, for the Court's review, revision, and approval, as Exhibit A.  That schedule describes, inter alia, the subjects on which discovery may be needed, when discover should be completed, and the timing for the initial disclosures under Rule 26(a).  The proposed schedule also indicates the parties' respective positions where there is disagreement.

4.    Narrowing of Plaintiffs' Allegations of Infringement

In view of the fact that the eight Patents contain more than 450 separate patent "claims," Defendant proposes that the Court require Plaintiffs to select twenty-four (24) of the patent claims for prosecution in this action, without any limitation on how the 24 asserted claims must be chosen, such as three from each Patent versus 17 claims from one patent and one from each of the remaining seven Patents, leaving that selection entirely to Plaintiffs' discretion.  Without such narrowing of the scope of the case from outset, Defendant contends that the necessary investigation and discovery that will be required to adequately defend this case is completely unmanageable for both the Court and the parties alike.  Defendant notes that such narrowing has been ordered by district courts managing large, multi-patent infringement actions, and Defendant is prepared to brief the matter, should the Court desire such briefing.

Plaintiffs oppose Defendant's attempt to limit the number of patent claims that Plaintiff may prosecute in this action and wish to remain free to modify their infringement allegations at their discretion, during the course of the litigation. Plaintiffs note that the Patents have been the subject of dozens of litigations in which the Patents were eventually licensed and in none of those dozens of litigations were Plaintiffs subjected to any mandatory narrowing of their infringement allegations as Defendant is now proposing.

5.    Modification of Limitations On Discovery

The parties agree that the presumptive discovery limits provided in the Federal Rules of Civil Procedure should not govern in this case, in view of the number of asserted patents and the as-yet unspecified total number of accused products and/or services accused of infringing the Patents. The parties will reasonably cooperate to reach agreement on appropriate numbers of depositions, written interrogatories and other discovery mechanisms and procedures without the necessity for intervention by the Court.

6.    Protective Order

The parties agree to the proposed protective order attached to this Report as Exhibit B, and respectfully request that this Court issue that order under Rule 26(c).

7.    Discovery Issues In Dispute

There are presently no discovery issues in dispute between the parties, other than the question of mandatory narrowing of Plaintiffs' infringement case by limiting the number of asserted claims, and the effect that such narrowing would have on discovery.

8.    Anticipated Length of Trial

Millennium anticipates that the trial will last seven to ten days. Millennium has requested a jury. PBI anticipates that the trial may be shorter, or possibly much longer than

seven to ten days, depending on the number of patents, and asserted claims, that remain in suit at

the time of trial.

9.    Modification of Scheduling Order

The Scheduling Order may be altered or amended only on a showing of good cause not

foreseeable at the time of the conference or when justice so requires.

10.    No Consent to Proceed Before a Magistrate Judge

The parties decline to proceed before a Magistrate Judge.

11.    Settlement

The parties have discussed the possibility of settlement, but at present cannot agree to

settle this case.  The parties believe that alternative dispute resolution, at an appropriate time

following initial patent-related discovery, might assist in resolving this case.

Attorneys for Plaintiffs                        Attorneys for Defendant


By:____/s/ Jean-Marc Zimmerman____        By:____/s/ Peter C. Schechter____
Jean-Marc Zimmerman                          Peter C. Schechter
jmzimmerman@zlk.com                          PSchechter@eapdlaw.com
Zimmerman, Levi & Korsinsky LLP              Edwards Angell Palmer & Dodge LLP
226 St. Paul Street                          750 Lexington Avenue
Westfield, NJ 07090                          New York, NY 10022
Tel: (908) 654-8000                          Tel: (212) 912-2934
Fax: (908) 654-7207                          Fax: (866) 492-3146

SO ORDERED:


DATED: September ___, 2008                   By:_____
                                             Hon. William H. Pauley III, U.S.D.J.

## CERTIFICATION OF SERVICE

I hereby certify that on August 29, 2008 a copy of the foregoing JOINT RULE 26(f)

REPORT with attached [JOINT PROPOSED] CASE MANAGEMENT SCHEDULE and

STIPULATED PROTECTIVE ORDER was filed electronically and served by mail on anyone

unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by

operation of the court's electronic filing system or by mail to anyone unable to accept electronic

filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the

court's CM/ECF System.

Peter C. Schechter

A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| MILLENNIUM, L.P. and EON-NET, L.P., | : | |
| | : | **08-CV-02945 (WHP)(DFE)** |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| PITNEY BOWES INC., | : | |
| | : | |
| Defendant. | : | **[JOINT PROPOSED] CASE** |
| | : | **MANAGEMENT SCHEDULE** |
| | : | |
| | : | |

The following case management schedule shall govern the above captioned action between Plaintiffs Millennium, L.P. and Eon-Net, L.P. (hereinafter collectively "Millennium" or "Plaintiffs") and Defendant Pitney Bowes Inc. ("PBI" or "Defendant"):

FACT DISCOVERY:

1.    The parties shall exchange initial disclosures pursuant to Rule 26(a) by September 26, 2008.

2.    No later than November 7, 2008, Plaintiffs shall serve on Defendant their Preliminary Infringement Contentions including: a disclosure of every asserted claim, and infringement contentions identifying the element(s) of each and every one of the PBI accused product(s) and/or service(s) alleged to infringe each asserted claim of each of U.S. Patent Nos. 6,094,505, 5,768,416, 5,625,465, 5,369,508, 5,258,855, 6,683,697, 7,075,673 and 7,184,162 ("the Patents"); whether the alleged infringement is literal or by the doctrine of equivalents; and if by the doctrine of equivalents, a full statement of how each element in each accused product or service is an alleged equivalent.

Plaintiffs' position:  Plaintiffs may amend their Preliminary Infringement Contentions during the course of discovery, at their discretion.

Defendant's position: Plaintiffs shall assert up to a maximum of twenty-four (24) claims selected in any manner from the Patents. Except as specifically allowed by Paragraph 12 herein, Plaintiffs may amend their Preliminary Infringement Contentions during the course of discovery only upon a showing of good cause why the amended contention could not have been made at the time of initial service of the Preliminary Infringement Contentions.

3.     No later than January 9, 2009, PBI shall serve on Plaintiffs its Preliminary Invalidity Contentions including: a disclosure of all prior art that it contends invalidates any asserted claim of the Patents; and invalidity contentions identifying (1) for any grounds of invalidity under 35 U.S.C. §§ 102-103, where specifically in each alleged item of prior art each limitation of each asserted claim is found and (2) the basis of any other grounds of invalidity asserted.

Plaintiffs' position: Defendant may amend its Preliminary Invalidity Contentions during the course of discovery, at its discretion.

Defendant's position, contingent upon the Court adopting Defendant's position in Paragraph 2. above: Except as specifically allowed by Paragraph 12 herein, Defendant may amend its Preliminary Invalidity Contentions during the course of discovery only upon a showing of good cause why the amended contention could not have been made at the time of initial service of the Preliminary Invalidity Contentions.

4.     The parties shall join any additional parties and amend their pleadings by March 6, 2009.

5.     Fact discovery shall conclude thirty (30) days from the date of this Court's claim construction order.

6.     Within fifty (50) days from the date of this Court's claim construction order, PBI shall serve on Plaintiffs a written election as to whether it will assert advice of counsel as a defense to the allegation of willful infringement. Notwithstanding the deadline for fact discovery set forth in Paragraph 5, the parties will be entitled to pursue discovery concerning any defense

of advice of counsel up until ninety (90) days from the date of this Court's claim construction order.

CLAIM CONSTRUCTION:

7.    The parties shall submit to the Court a chart of disputed terms for construction for each of the Patents that includes each party's proposed constructions and designations of intrinsic and/or extrinsic evidence in support of such proposed constructions, by February 6, 2009. The parties will meet and confer on or before January 30, 2009 in an attempt to agree on constructions for as many of the disputed claims terms as possible.

8.    Any discovery solely directed to claim construction issues shall be completed by March 13, 2009.

9.    Simultaneous opening Markman briefs shall be filed and served by March 20, 2009.

10.    Simultaneous responsive Markman briefs shall be filed and served by April 10, 2009.

11.    A Markman hearing shall be held on or as soon after April 20, 2009 as is practical and convenient for the Court, at a time to be determined by the Court. Should the Court require a tutorial on the technology at issue, such a tutorial shall be held at a time to be determined by the Court.

12.    Plaintiffs may at their discretion amend their Preliminary Infringement Contentions as of right within fifteen (15) days from the date of this Court's claim construction order. In the event of such amendment, Defendant may at its discretion amend as of right its Preliminary Invalidity Contentions within fifteen (15) days of service of Plaintiffs' amended Preliminary Infringement Contentions.

EXPERT DISCOVERY:

13.    Opening expert reports shall be served by each party having the burden of proof on an issue within forty-five (45) days from the date of this Court's claim construction order.

14.    Rebuttal expert reports shall be served within seventy-five (75) days from the date of this Court's claim construction order.

15.    Expert discovery shall be completed one hundred-five (105) days from the date of this Court's claim construction order.

DISPOSITIVE MOTIONS:

16.    Letters requesting a pre-motion conference pursuant to Judge Pauley's Individual Practice Rules and setting forth the basis for any proposed dispositive motions shall be submitted no later than one hundred-twenty (120) days before trial.

17.    Opposition letters to such a requests for a pre-motion conference shall be submitted in accordance with Judge Pauley s Individual Practice Rules.

18.    A pre-motion conference concerning any proposed dispositive motions shall be held at a time to be determined by the Court.

19.    Dispositive motions shall be filed and served no later than ninety (90) days before trial.

20.    Oppositions to dispositive motions shall be filed and served within twenty (20) days after service of corresponding dispositive motions.

21.    Reply briefs in support of dispositive motions shall be filed and served within ten (10) days after service of corresponding oppositions.

22.    A hearing on dispositive motions shall be held at a day and time to be determined by the Court.

MOTIONS IN LIMINE:

23.    Motions in limine, if any, shall be filed and served twenty-five (25) days before trial.

24.    Opposition memoranda on motions in limine, if any, shall be filed and served twenty (20) days before trial.

VOIR DIRE QUESTIONS, JURY INSTRUCTIONS, AND VERDICT FORMS:

25.    Proposed voir dire questions, jury instructions and objections thereto, and verdict forms prepared in accord with the Court's Individual Practices, shall be filed and served by fifteen (15) days before trial.

PRETRIAL MEMORANDUM AND ORDER:

26.    A joint pre-trial order in accord with the Court's Individual Practices shall be filed and served fifteen (15) days before trial.

27.    A joint pre-trial memorandum in accordance with the Court's Individual Practices shall be filed and served fifteen (15) days before trial.

PRETRIAL CONFERENCE:

28.    A final pretrial conference shall be held one week before trial, on a date and at a time to be determined by the Court.

TRIAL DATE:

29.    Trial shall commence on March 29, 2010, or as soon thereafter as the case may be set for trial by the Court.


SO ORDERED:


DATED: September ___, 2008           By:_____
                                     Hon. William H. Pauley III, U.S.D.J.

B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| MILLENNIUM, L.P. and EON-NET, L.P., | : | **08-CV-02945 (WHP)(DFE)** |
| Plaintiffs, | : | |
| v. | : | |
| PITNEY BOWES INC., | : | |
| Defendant. | : | |

## STIPULATED PROTECTIVE ORDER

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the Court hereby enters the following Stipulated Protective Order:

1.     This Protective Order shall apply to all information, documents, and things subject to discovery in this action ("Discovery Material") that contain proprietary, confidential, or commercially sensitive information, as well as pleadings, testimony and other information, documents, and things designated CONFIDENTIAL or HIGHLY CONFIDENTIAL.  This Protective Order shall not bar any attorney working on this case from rendering advice to his or her client based upon an examination of CONFIDENTIAL or HIGHLY CONFIDENTIAL material, provided that the attorney does not disclose the specific contents or substance of the CONFIDENTIAL or HIGHLY CONFIDENTIAL material unless otherwise permitted by the terms of this Protective Order.  As used herein, "Producing Party" shall refer to any person, including the parties to this action and non-parties, who disclose or produce any Discovery Material in this action.  "Receiving Party" shall refer to the parties to this action who receive Discovery Material from a Producing Party.

2.      Any party to this action, and any non-party from whom discovery is sought in connection with this action, that produces or discloses Discovery Material, may designate the Discovery Material as: (a) CONFIDENTIAL; or (b) HIGHLY CONFIDENTIAL, and subject to this Protective Order, if the Discovery Material contains confidential, proprietary or commercially sensitive information, market-sensitive information, or trade secrets.

3.      In the absence of written permission from the Producing Party, Discovery Material designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL:

(a)      Shall be protected from disclosure as specified herein, unless the Producing Party so states in writing, or a party obtains an Order of the Court declaring that all or certain portions of such Discovery Material are not, in fact, protected, or should be subject to an alternative designation; and

(b)      Shall be used only for purposes of this litigation.

4.      The Producing Party may designate documents or other tangible Discovery Material by placing the following legend or similar legend on the document or thing: "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL":

(a)      Written discovery may be designated by placing the following legend on every page of the written material prior to production: "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." In the event that original documents are produced for inspection, the Producing Party may produce the documents on a temporary "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" basis so long as such documents are redesignated as necessary by placing the appropriate legend on the documents in the copying process.

(b)      Parties or testifying persons may designate portions of depositions and other testimony as CONFIDENTIAL or HIGHLY CONFIDENTIAL by indicating on the record

at the time the testimony is given or by sending written notice that the testimony is designated within ten (10) days of receipt of the transcript of the testimony. All information disclosed during a deposition shall be deemed "HIGHLY CONFIDENTIAL" until the time within which it may be designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL has passed.

5.    A Producing Party may designate Discovery Material as CONFIDENTIAL if it comprises or includes confidential, proprietary, or sensitive information, including but not limited to, non-public technical information, including schematic diagrams, manufacturing and engineering drawings, engineering notebooks, specifications, research notes and materials, technical reference materials, software, including source code, and other non-public technical descriptions, and depictions of the relevant technology. Discovery Material designated as CONFIDENTIAL may be disclosed to:

(a)    The attorneys, including in-house counsel, working on this action on behalf of any party, any paralegals and clerical employees of such attorneys, and any copying or other clerical litigation support services working at the direction of any of such attorneys, paralegals or clerical employees;

(b)    Any person not employed by or affiliated with a party who is specifically retained by any attorney described in paragraph 5(a) to assist in preparation of this action for trial as a consultant or testimonial expert, with disclosure only to the extent necessary to perform such work; provided, however, that such person has signed the acknowledgement form annexed hereto as **EXHIBIT A**, thereby agreeing to be bound by the terms of this Protective Order; and provided that no unresolved objections to such disclosure exist after proper notice has been given to all parties as set forth in Paragraph 7(b), below;

(c)     Not more than five employees of the Receiving Party who are directly involved in assisting counsel in preparation of this action; provided, however, that: (i) each employee has signed the acknowledgement form annexed hereto as **EXHIBIT A**, thereby agreeing to be bound by the terms of this Protective Order; and (ii) no unresolved objections to such disclosure exist after proper notice has been given to all parties as set forth in Paragraph 7(b), below;

(d)     Court reporters, stenographers, and videographers retained to record testimony taken in this action;

(e)     The Court, jury, and court personnel;

(f)     Graphics, translation, design, or trial consulting services, including mock jurors, retained by a party; and

(g)     Any other person with the prior written consent of the Producing Party.

6.     Any CONFIDENTIAL Discovery Materials that a Producing Party believes are extremely confidential or sensitive in nature and should be given a higher level of protection from disclosure may be designated by the Producing Party at the time of disclosure as HIGHLY CONFIDENTIAL.  The parties agree that at least Discovery Material in one or more of the following categories may qualify for the HIGHLY CONFIDENTIAL designation:

(i) non-public damage-related information (e.g., the number of products sold, total dollar value of sales products, and profit margins);

(ii) customer lists;

(iii) business and marketing plans;

(iv) price lists and pricing information; and

(v) any of the technical information identified in Paragraph 5 above.

Discovery Material designated as HIGHLY CONFIDENTIAL may be disclosed only to:

(a)     The outside attorneys working on this action on behalf of any party, any paralegals, and clerical employees of such outside attorneys, and any copy or other clerical litigation support services working at the direction of any of such outside attorneys, paralegals, and clerical employees.   As used herein, "outside attorneys" shall mean attorneys for the respective firms that have appearances entered in this case;

(b)     Any person not employed by a party who is expressly retained by any attorney described in paragraph 6(a) to assist in preparation of this action for trial as a consultant or testimonial expert, with disclosure only to the extent necessary to perform such work; provided, however, that such person has signed the acknowledgement form annexed hereto as **EXHIBIT A**, thereby agreeing to be bound by the terms of this Protective Order; and provided that no unresolved objections to such disclosure exist after proper notice has been given to all parties as set forth in Paragraph 7(b), below;

(c)     Court reporters, stenographers, and videographers retained to record testimony taken in this action;

(d)     The Court, jury, and court personnel;

(e)     Graphics, translation, design, or trial consulting services including mock jurors, retained by a party; and

(f)     Any other person with the prior written consent of the Producing Party.

7.     All persons receiving CONFIDENTIAL or HIGHLY CONFIDENTIAL Discovery Material are enjoined from disclosing it to any person, except in conformance with this Protective Order.   Each individual who receives any CONFIDENTIAL or HIGHLY CONFIDENTIAL Discovery Material agrees to be subject to the jurisdiction of this Court for the

purpose of any proceedings relating to the performance under, compliance with, or violation of, this Protective Order.

      (a)    Counsel who makes CONFIDENTIAL or HIGHLY CONFIDENTIAL Discovery Material available to persons set forth in Paragraphs 5 or 6, above, shall be responsible for limiting its distribution to those persons authorized under this Protective Order. All copies of such Discovery Material disclosed shall be subject to the same restrictions imposed on original materials. Any person having access to such Discovery Material pursuant to Paragraphs 5 or 6, above, whose participation in this litigation has been terminated or otherwise concluded, shall return all such Discovery Material as soon as practicably possible thereafter to the Receiving Party's counsel of record, but in no event longer than thirty (30) days after the termination or conclusion of the participation.

      (b)    Before counsel for a Receiving Party may disclose any Discovery Material designated CONFIDENTIAL or HIGHLY CONFIDENTIAL to a person described in Paragraphs 5(b), (c) or (g), or Paragraphs 6(b) or (f) above, of this Protective Order:

      (i) counsel shall provide a copy of this Protective Order to such person, who shall sign the acknowledgement form annexed hereto as **EXHIBIT A**; and

      (ii) at least seven (7) days before any such disclosure, counsel for the Receiving Party shall notify all counsel of record in writing of the intent to disclose CONFIDENTIAL or HIGHLY CONFIDENTIAL Discovery Material to such person. The notice shall include a copy of the acknowledgement form signed by the person and shall identify his or her title, job responsibilities, and affiliation(s) with the Receiving Party. If the

person is a consultant or testimonial expert described in Paragraph 5(b) or 6(b), above, the notice shall also include a copy of such person's most recent curriculum vitae, which shall include an identification of all such person's past and present employment and consulting relationships for the past five years.

(iii)   if any party objects to the disclosure of CONFIDENTIAL or HIGHLY CONFIDENTIAL Discovery Material to such person, the party shall notify counsel for the Receiving Party in writing of the party's objection(s) to such disclosure prior to the date on which the disclosure is intended to be made.  Should the party intending to make the disclosure disagree with the basis for the objection(s), the parties must first attempt to resolve the objection(s) informally.  If the informal efforts do not resolve the dispute within five (5) days, the party intending to disclose may file a motion requesting that the objection(s) be quashed after that five (5) day period has passed.  The Producing Party shall have the burden of proof by a preponderance of the evidence on the issue of the sufficiency *vel non* of the objection(s).   Pending a ruling by the Court upon any such objection(s), the Discovery Material shall not be disclosed to the person objected to by the objecting party.

(c)   Counsel disclosing any Discovery Materials to a person required to execute a copy of the acknowledgement form annexed as **EXHIBIT A** shall maintain the original(s) of such form(s).

8.     To the extent that any CONFIDENTIAL or HIGHLY CONFIDENTIAL Discovery Material is used in the taking of a deposition, all such Discovery Material shall remain subject to the provisions of this Protective Order, along with the transcript pages of the deposition testimony dealing with the such Discovery Material.   If CONFIDENTIAL or HIGHLY CONFIDENTIAL Discovery Material is used in any deposition, the reporter shall be informed of this Protective Order and shall be required to operate in a manner consistent with this Protective Order.   In the event that the deposition is videotaped, the original and all copies of the videotape shall be marked by the video technician to indicate that the contents of the videotape are subject to this Protective Order, substantially as set forth below:

> This videotape contains confidential testimony used in this case and is not to be viewed or the contents thereof to be displayed or revealed except by order of the Court, or pursuant to written stipulation of the parties.

9.     The parties agree to be bound by the terms of this Protective Order with respect to any third party that produces confidential Discovery Material in this lawsuit under this Protective Order.   A party that seeks confidential Discovery Material from a third party shall provide a copy of this Protective Order to the third party upon request so that the third party may take advantage of the protections afforded by this Protective Order.

10.     The recipients of CONFIDENTIAL or HIGHLY CONFIDENTIAL Discovery Material provided under this Protective Order and all material that derives therefrom shall maintain such materials in a safe and secure area, and all reasonable precautions shall be taken with respect to the storage, custody, use, and dissemination of such materials. Any CONFIDENTIAL or HIGHLY CONFIDENTIAL Discovery Material that is copied, reproduced, summarized, or abstracted shall be subject to the terms of this Protective Order.

11.    Any party seeking to file CONFIDENTIAL or HIGHLY CONFIDENTIAL Discovery Material with the Court under seal shall first obtain leave of this Court pursuant to Judge Pauley's Individual Practice Rules. If leave is granted, the filing party must file redacted copies with the Clerk of the Court.

12.    None of the provisions of this Protective Order shall apply to the following categories of information, documents and things, and any party may apply to remove the restrictions set forth herein on Discovery Material designated CONFIDENTIAL or HIGHLY CONFIDENTIAL based upon a showing that such Discovery Material had been:

(a)    available to the public at the time of its production hereunder;

(b)    available to the public after the time of its production through no unauthorized act, or failure to act, on behalf of the Receiving Party, its counsel, representatives or experts;

(c)    known to the Receiving Party or shown to have been independently developed by the Receiving Party prior to its production herein or without use or benefit of the information;

(d)    obtained outside of this action by the Receiving Party from the Producing Party without having been designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL, provided, however, that this provision does not negate any pre-existing obligation of confidentiality;

(e)    obtained by the Receiving Party after the time of disclosure hereunder from a party or non-party having the right to disclose the same; or

(f)    previously produced, disclosed and provided by the Producing Party to the Receiving Party or a non-party without an obligation of confidentiality and not by inadvertence or mistake.

13.    The inadvertent production of Discovery Material subject to the attorney-client privilege or the attorney work-product privilege will not waive the attorney client privilege or the attorney work-product privilege.  Upon a request from a party that has inadvertently produced Discovery Material which it believes should be subject to the attorney-client or attorney work-product privilege, each party receiving said Discovery Material shall immediately return it and all copies to the Producing Party.  Nothing herein shall prevent the Receiving Party from preparing a record for its own use containing the date, author, addresses, and topic of the Discovery Material and such other information as is reasonably necessary to identify the Discovery Material and describe its nature to the Court in any motion to compel production of the Discovery Material.

14.    The inadvertent failure by a Producing Party to designate Discovery Material as CONFIDENTIAL or HIGHLY CONFIDENTIAL shall not waive any such designation provided that the Producing Party notifies all Receiving Parties that such Discovery Material is CONFIDENTIAL or HIGHLY CONFIDENTIAL within ten (10) days from when the failure to designate first became known to the Producing Party.  A Receiving Party shall not be in breach of this Order for any use of such Discovery Material before the Receiving Party receives notice of the inadvertent failure to designate.  Once a Receiving Party has received notice of the inadvertent failure to designate pursuant to this provision, the Receiving Party shall treat such Discovery Material at the appropriately designated level pursuant to the terms of this Protective Order.

15.    In the event of a disclosure of any Discovery Material designated CONFIDENTIAL or HIGHLY CONFIDENTIAL to a person or persons not authorized to receive such disclosure under this Protective Order, the party responsible for having made such disclosure, and each party with knowledge thereof, shall immediately notify counsel for the party whose Discovery Material has been disclosed and provide to such counsel all known relevant information concerning the nature and circumstances of the disclosure.    The responsible disclosing party shall also promptly take all reasonable measures to retrieve the improperly disclosed Discovery Material and to ensure that no further or greater unauthorized disclosure and use thereof is made.

16.    Not later than thirty (30) days after the final disposition of this litigation, each party shall return all CONFIDENTIAL and HIGHLY CONFIDENTIAL Discovery Material of a Producing Party to the respective outside counsel of the Producing Party; or, in the alternative, the party may destroy such Discovery Material.    All parties that have received any such Discovery Material shall certify in writing that all such CONFIDENTIAL and HIGHLY CONFIDENTIAL Discovery Material has been returned or destroyed.    Notwithstanding the provisions for return or destruction of Discovery Material, outside counsel may retain pleadings, attorney and consultant work product, deposition transcripts and exhibits containing CONFIDENTIAL and HIGHLY CONFIDENTIAL Discovery Material, as well as one copy of each item of CONFIDENTIAL and HIGHLY CONFIDENTIAL Discovery Material for archival purposes.

17.    Any party may object in writing to any designation of Discovery Material as CONFIDENTIAL or HIGHLY CONFIDENTIAL by specifying the Discovery Material to which

the objection is addressed and the grounds for the objection. Thereafter, further protection of such material shall be resolved in accordance with the following procedures:

      (a)    The objecting party shall have the burden of conferring either in person, in writing or by telephone with the Producing Party claiming protection (as well as any other interested party) in a good faith effort to resolve the dispute. The designating party shall have the burden of justifying the disputed designation;

      (b)    Failing agreement, the objecting party may bring a motion to the Court for a ruling that the Discovery Material in question is not entitled to the status and protection of the Producing Party's designation.

      (c)    Notwithstanding any challenge to a designation, the Discovery Material in question designated CONFIDENTIAL or HIGHLY CONFIDENTIAL shall continue to be treated as such under this Protective Order until one of the following occurs: (a) the party who designated the Discovery Material in question as CONFIDENTIAL or HIGHLY CONFIDENTIAL withdraws such designation in writing; or (b) the Court rules that the Discovery Material in question is not entitled to the designation.

    18.    A Producing Party may redact any material irrelevant to the subject matter involved in this action, or subject to attorney-client privilege or work-product immunity, and may produce documents for inspection either in redacted or unredacted form. If a copy of any inspected document is requested, one copy may be redacted prior to furnishing it to the requesting counsel notwithstanding inspection of such documents in unredacted form. The deletion of all material redacted shall be clearly indicated by visibly marking the document with the word "REDACTED" or with a heavy, solid black line where material has been deleted. If documents produced for inspection or copying are redacted on the ground of relevance or as not

falling within the terms of a discovery request in this litigation, then (to the extent such redaction is not based on attorney-client privilege or work-product immunity) outside litigation counsel for the Receiving Party shall have the right, upon reasonable notice, to inspect (but not copy) the original unredacted documents solely for the purpose of determining whether to challenge the propriety of redaction.    Counsel for the Receiving Party may identify to counsel for the Producing Party those portions of the documents which the Receiving Party contends should be produced in unredacted form and shall state the basis for his or her contention.    In the event the Producing Party continues to refuse to produce complete and unredacted documents, counsel for the Receiving Party may seek a determination by the Court that all or part of redacted portions are relevant, are not privileged, and should be produced.

19.    This Protective Order is entered without prejudice to the right of any party to seek further or additional protection of Discovery Material for which the protection of this Protective Order is not believed by such party to be adequate.    Nothing in this Protective Order shall be deemed to bar or preclude any Producing Party from seeking such additional protection, including, without limitation, an order that certain matter not be produced at all.

20.    If at any time Discovery Material is subpoenaed by any court, arbitral, administrative or legislative body, the person to whom the subpoena or other request is directed shall immediately give written notice thereof to every party who has produced such Discovery Material and to its counsel, and shall provide each such party with an opportunity to object to the production of confidential materials.    If a Producing Party does not move for a protective order or a motion to quash, as appropriate, within ten (10) days of the date written notice is given, the party to whom the referenced subpoena is directed may produce such Discovery Material in response thereto.

21.     Nothing in this Protective Order shall preclude any party to this lawsuit or its attorneys: (a) from showing Discovery Material designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL to an individual who either prepared the Discovery Material or reviewed it prior to the filing of this action; or (b) from disclosing or using, in any manner or for any purpose, its own Discovery Material designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL. Notwithstanding any designation of Discovery Material by a Producing Party under this Order, any witness may be shown at a deposition, and examined on, any Discovery Material that the witness authored or previously received. The witness may also be shown at a deposition, and examined on, any Discovery Material for which specific documentary or testimonial evidence indicates (i) that the Discovery Material was communicated to or from the witness; or (ii) that the witness was involved in the specific matter(s) addressed in the Discovery Material, or if the Producing Party of the Discovery Material agrees.

22.     The parties agree that the terms of this Protective Order shall survive and remain in effect after the termination of the above-captioned matter. The Court shall retain jurisdiction after termination of this matter to hear and resolve any disputes arising out of this Protective Order.

23.     This Order shall be binding upon the parties hereto, their attorneys, and their successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, retained consultants and experts, and any persons or organizations over which they have direct control.

24.     Execution of this Protective Order shall not constitute a waiver of the right of any party to claim in this action or otherwise that any Discovery Material, or any portion thereof, is

privileged or otherwise non-discoverable, or is not admissible in evidence in this action or any

other proceeding.

Approved as to form and substance:

Attorneys for Plaintiffs                          Attorneys for Defendant


By: /s/ Jean-Marc Zimmerman          By: /s/ Peter C. Schechter
Jean-Marc Zimmerman                  Peter C. Schechter
jmzimmerman@zlk.com                  PSchechter@eapdlaw.com
Zimmerman, Levi & Korsinsky LLP      Edwards Angell Palmer & Dodge LLP
226 St. Paul Street                  750 Lexington Avenue
Westfield, NJ 07090                  New York, NY 10022
Tel: (908) 654-8000                  Tel: (212) 912-2934
Fax: (908) 654-7207                  Fax: (866) 492-3146

SO ORDERED:


DATED: September ___, 2008           By:_____
                                     Hon. William H. Pauley III, U.S.D.J.

## EXHIBIT A

### ACKNOWLEDGEMENT

I, _____, acknowledge and declare that I have

received a copy of the Stipulated Protective Order in *Millennium, L.P. and eon-Net, L.P. v.*

*Pitney Bowes Inc.*, Civ. Action No. 08-CV-02945 (WHP)(DFE) (S.D.N.Y.).  Having read

and understood the terms of the Order, I agree to be bound by it and consent to the

jurisdiction of the District Court or the purpose of any proceeding to enforce its terms.


NAME:_____

TITLE:_____

COMPANY/EMPLOYER:_____

ADDRESS:_____


Dated:_____, 200_          _____

                                          [Signature]