Peter C. Schechter
Paul E. Dans
EDWARDS ANGELL PALMER
& DODGE, LLP
750 Lexington Avenue
New York, NY 10022
Tel.: 212-308-4411
Fax: 212-308-4844
Attorneys for Defendant Pitney Bowes Inc.

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

---

| | |
|---|---|
| MILLENNIUM, L.P. and EON-NET, L.P., | 08-CV-02945 (WHP)(DFE) |
| Plaintiffs, | |
| v. | |
| PITNEY BOWES INC., | |
| Defendant. | |

---

**PITNEY BOWES INC.'S MEMORANDUM IN SUPPORT OF ITS MOTION TO
DISMISS OR, IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT**

## TABLE OF CONTENTS

**Page**

I. SUMMARY OF ARGUMENT ................................................................................ 1

II. THE COMPLAINT .................................................................................................. 2

III. LEGAL STANDARD ............................................................................................... 3

IV. THE COURT SHOULD DISMISS THE COMPLAINT OR
ALTERNATIVELY ORDER A MORE DEFINITE STATEMENT ........................ 7

V. CONCLUSION ........................................................................................................ 11

## TABLE OF AUTHORITIES

**Page**

**Cases**

Anticancer v. Xenogen Corp., 248 F.R.D. 278 (S.D. Cal. 2007)..........................................4, 7

Aspex Eyewear, Inc. v. Clariti Eyewear, Inc., 531 F. Supp.2d 620 (S.D.N.Y. 2008)................ 4

Bartronics v. Power-One, 245 F.R.D. 532 (S.D. Ala. 2007) ...................................................... 4

Bay Industries, Inc. v. Tru-Arx Mfr., LLC, 2006 WL 3469599 (E.D. Wis. 2006)................5, 8

Bell Atlantic Corporation v. Twombly, 127 S. Ct. 1955 (2007)............................................1, 10

Broussard v. Go-Devil Mfr. Co. of La., Inc., 2008 WL 2414845 (M.D. La. 2008) ...............5, 6

C & F Packing Co., Inc. v. IBP, Inc., 224 F. 3d 1296 (Fed. Cir. 2000)...................................... 6

Conley v. Gibson, 355 U.S. 41 (1957)......................................................................................... 3

eSoft, Inc. v. Astaro Corp., 2006 WL 2164454 (D. Colo. 2006) ................................................ 5

Iqbal v. Hasty, 490 F. 3d 143 (2nd Cir. 2007) ............................................................................ 4

Judin v. U.S., 110 F. 3d 780 (Fed. Cir. 1997) .........................................................................6, 9

McZeal v. Sprint Nextel Corp., 501 F.3d 1354 (Fed. Cir. 2007).............................................6, 7

**Statutes**

Fed. R. Civ. P. 11(b)(3).............................................................................................................. 5

Fed. R. Civ. P. 12(b)(6)............................................................................................................ 11

Fed. R. Civ. P. 12(e)................................................................................................................. 11

Fed. R. Civ. P. 8(a).................................................................................................................... 1

**Other Authorities**

Fed. R. Civ. P. Form 16 .........................................................................................................6, 7

### PITNEY BOWES INC.'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT

Defendant Pitney Bowes Inc. ("PBI") moves, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss the complaint of Millennium, L.P. and Eon-Net, L.P. (collectively, "Plaintiffs") for failure to state a claim for which relief can be granted, or alternatively, for a more definite statement pursuant to Rule 12(e).[1]

### I.   SUMMARY OF ARGUMENT

Plaintiffs' complaint fails to plead sufficient facts – indeed any facts – to support their claims of patent infringement and must be dismissed under the Supreme Court's recent clarification of Rule 8(a) pleading standards in Bell Atlantic Corporation v. Twombly, 127 S. Ct. 1955 (2007)("Bell Atlantic"). In pure conclusory and boilerplate fashion, Plaintiffs charge PBI with infringing eight patents, comprising 476 claims, without identifying a single infringing method or device among the hundreds of products that PBI offers, or has offered for sale or provides, let alone identifying how any product might infringe any one among these hundreds of claims potentially at issue.

The complaint deprives PBI of the barest notice of what products and in which way it is being alleged to infringe any or all of Plaintiffs' 476 claims. Even in the world of liberal pleading, the complaint cannot pass the due process muster of Fed. R. Civ. P. 8(a). In the alternative, this Court is respectfully requested to direct Plaintiffs to offer a more definite statement identifying which claims PBI has allegedly infringed, how it has infringed these claims and by which infringing methods or device(s).

---

[1] This motion dovetails the concerns of PBI set forth in the Joint Rule 26(f) Statement (Docket Index #7) to be considered at the Court's preliminary conference set for September 4, 2008. The relief sought herein may be rendered moot depending upon the outcome of Scheduling Order following that conference.

## II.   THE COMPLAINT

The complaint first identifies eight patents in suit, all of which are directed to the same invention which Plaintiffs term, "Information Processing Methodology." (Docket Index #1; Compl. ¶¶8-16.) These patents comprise a total of 476 claims as follows:

| U.S. Patent Number | Issue Date | Number of Claims |
|---|---|---|
| 5,258,855 | November 2, 1993 | 77 claims |
| 5,369,508 | November 29, 1994 | 46 claims |
| 5,625,465 | April 29, 1997 | 53 claims |
| 5,768,416 | June 16, 1998 | 66 claims |
| 6,094,505 | July 25, 2000 | 20 claims |
| 6,683,697 | July 26, 2005 | 101 claims |
| 7,075,673 | July 11, 2006 | 57 claims |
| 7,184,162 | February 27, 2007 | 56 claims |

Copies of the patents identified in the complaint are attached to the Declaration of Peter C. Schechter dated September 2, 2008 ("Schechter Decl."), submitted herewith. An inspection of these patents discloses that they involve hundreds of complex, inter-related and overlapping claims. (Schechter Decl., Ex. A-H).

After identifying the patents, the complaint recites in shotgun format, eight identically worded counts, each comprised of three paragraphs, and containing an allegation of infringement corresponding to one of the eight patents. These counts differ only by the substitution of the applicable patent number. Each count includes the following refrain:

> PB has for a long time past and still is infringing, actively inducing the infringement of and contributorily infringing in this judicial district, the [*insert patent number*] Patent by, among other things, importing, making, using, offering for sale, and/or selling computer hardware, software and systems in which information from a hardcopy document is extracted and transmitted to an application program in the manner defined by the claims of

NYC 311007.1                                      2

> the [*insert patent number*] without permission from [Millennium/Eon-Net] and will continue to do so unless enjoined by this Court.

(Compl., ¶¶19, 22, 25, 28, 31, 34, 37, 40). Not one of the 476 claims of the eight patents-in-suit is identified as being infringed in the complaint. No identification of a single accused infringing method or product is made in the complaint. As to when the infringement occurred, the complaint is oblique offering only "for a long time past and still is infringing."

### III.  LEGAL STANDARD

Rule 8(a) of the Federal Rules of Civil Procedure requires a properly pled complaint: (1) identify the grounds for jurisdiction, (2) provide "a short and plain statement of the claim showing that the pleader is entitled to relief," and (3) state the relief sought. In its 2007 landmark decision in Bell Atlantic, the Supreme Court addressed the factual detail required in the statement of claim. The Court retired its oft-quoted "no set of facts" language drawn from Conley v. Gibson, 355 U.S. 41, 45-47 (1957), adopting a "plausibility" standard in its place. Bell Atlantic, 127 S. Ct. at 1969. By requiring a plaintiff to identify at least *some* facts, as opposed to reciting a claim in purely conclusory language, the Court sought to ward off discovery abuse engendered by plaintiffs who first file a complaint and intend to use subsequent discovery to thereafter establish a factual basis. Id. at 1967. It rejected the suggestion that discovery and careful case management might weed out groundless complaints. Id. The Court noted that in complex actions such as claims under Section 1 of the Sherman Act, the mere "threat of discovery expense" unfairly pushes "cost-conscious defendants to settle even anemic cases" in advance of discovery and summary judgment. Id. Therefore, the district court "'must retain the power to insist upon some specificity in pleading before allowing a potentially massive factual controversy to proceed'." Id. at 1967 (internal citation omitted).

The Second Circuit subsequently held that this "plausibility" standard applied to pleading in all cases (not simply the antitrust claim presented in Bell Atlantic), and that it "obligates a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible." See Iqbal v. Hasty, 490 F. 3d 143, 157-58 (2nd Cir. 2007). Courts within and without this District have followed suit, applying Bell Atlantic to patent cases, and dismissing complaints and/or infringement claims, pursuant to 12(b)(6) when complaints offer no factual basis and rest purely on conclusory assertions. See Aspex Eyewear, Inc. v. Clariti Eyewear, Inc., 531 F. Supp.2d 620, 623 (S.D.N.Y. 2008)(Chin, J.)(dismissing patent infringement counterclaims and affirmative defenses to infringement asserted without any facts and merely in conclusory fashion); Bartronics v. Power-One, 245 F.R.D. 532 (S.D. Ala. 2007)(dismissing entirely conclusory invalidity counterclaims plead without any basis in fact); Anticancer v. Xenogen Corp., 248 F.R.D. 278, 279 (S.D. Cal. 2007)(dismissing infringement claims that failed to plead any facts beyond bare conclusory statement of infringement).

In other instances, Courts have granted accused infringers' motions for a more definite statement to identify the specific infringing devices, infringed claims and means of infringement. In a case where, as here, the plaintiff failed to identify in its complaint a single infringing product, a court in the District of Wisconsin remarked:

> By failing to identify any allegedly infringing product or to set forth a limiting parameter, plaintiff in effect is requiring defendant to compare its approximately 40 products to at least 20 claims of the '433 patent in order to formulate a response. I find this to be an unreasonable burden on defendant, especially in light of the fact that in a patent infringement case the plaintiff bears the burden of proof. Defendant should not have to guess which of its products infringe nor guess how its products might fall within plaintiff's interpretation of the claims of the patent.

Bay Industries, Inc. v. Tru-Arx Mfr., LLC, 2006 WL 3469599, *2 (E.D. Wis. 2006); see also, eSoft, Inc. v. Astaro Corp., 2006 WL 2164454 (D. Colo. 2006)(ordering a more definite statement and remarking "the complaint fails to identify any particular product or service that allegedly infringes the patent in suit. Defendant cannot realistically be expected to frame a responsive pleading without risk of prejudice in the absence of any indication as to which of its products are accused. Plaintiff cannot foist the burden of discerning what products it believes infringe the patent on to defense counsel, regardless of their skill and expertise."); Broussard v. Go-Devil Mfr. Co. of La., Inc., 2008 WL 2414845, *1 (M.D. La. 2008) (more definite statement ordered to identify specific infringing patents and how patents are infringed where plaintiff asserted three patents, comprising 65 claims, and alleged simply that at least one of defendant's unidentified products infringed one of the unidentified claims).

The Wisconsin court noted, in addition to providing defendant with notice required by due process, other salutary effects of mandating a more definite statement:

> A more definite statement will also focus the discovery process and expedite the case in an economical manner. Without a more definite statement of the complaint, plaintiff may seek discovery of [defendant's] entire line of products, which will engender controversies over the proper bounds of discovery. Such controversies will impose unnecessary cost on the parties and, most likely, on the court, which will be called upon to resolve them.

The court also observed that a plaintiff should be easily able to identify an infringing product, given the duty incumbent upon its attorney to undertake a factual investigation prior to filing suit:

> Finally, requiring that plaintiff identify the product or products that allegedly infringed its patent ensures that plaintiff has a proper basis for bringing suit in the first place. In filing a complaint in federal court, an attorney is representing to the court that a reasonable inquiry has been made to ensure that the factual allegations have evidentiary support. Fed.R.Civ.P. 11(b)(3). This certification is an important way of ensuring that defendants are not forced to incur the cost of federal litigation in defense of frivolous claims.

> Given the high cost of patent litigation, certification is particularly important in a case such as this. If a plaintiff cannot describe with some specificity the product he claims infringes his patent, there is reason to question whether such a certification is true. See Judin v. U.S., 110 F. 3d 780, 784 (Fed. Cir. 1997)(holding that plaintiff's failure to obtain, or attempt to obtain, a sample of the accused device so that its actual design and functioning could be compared with the claims of the patent warranted Rule 11 sanctions). Assuming plaintiff has properly investigated his claim before filing suit, there is no reason not to inform the defendant precisely which products are at issue. For this reason, as well, defendant's motion should be granted.

Id. In short, considerations of due process, case administration and Rule 11 compliance all militate toward ordering a plaintiff to state its factual basis for infringement in a patent case, or otherwise to dismiss the complaint.

The Federal Circuit -- which applies the law of the local circuit when passing upon the sufficiency of a complaint – has recently addressed Bell Atlantic in the context of Fifth Circuit law. McZeal v. Sprint Nextel Corp., 501 F.3d 1354 (Fed. Cir. 2007); C & F Packing Co., Inc. v. IBP, Inc., 224 F. 3d 1296, 1306 (Fed. Cir. 2000) (issues pertaining to purely procedural issues, and not patent law, are controlled by the law of the regional circuit). In McZeal, a divided panel reversed dismissal of a *pro se* plaintiff's complaint of patent infringement. The Federal Circuit determined that the 95-page complaint, which also included attached exhibits, complied with the requirements of Bell Atlantic given that it comported with the sample complaint for patent infringement set forth in Federal Rule of Civil Procedure Form 16. Id. at 1356-57. The Federal Circuit relied upon the Supreme Court's statement in Conley that these illustrative forms plainly demonstrate the pleading requirements. Fed. R. Civ. P. Form 16 requires: "1) an allegation of jurisdiction; 2) a statement that the plaintiff owns the patent; 3) a statement that the defendant has been infringing the patent 'by making, selling and using [the device] embodying the patent'; 4) a

statement that the plaintiff has given the defendant notice of infringement;[2] and 5) a demand for injunction and damages." Id.

Importantly, in accordance with Form 16, the Federal Circuit found the plaintiff had sufficiently identified the infringing "device", which plaintiff referred to alternatively in the complaint as "[t]he DEFENDANTS WALKIE TALKIE machine" and the "Motorola i930 and line of wireless VoIP products." Id. at 1357. Further, the plaintiff's complaint identified and explained the alleged means of infringement as arising under the Doctrine of Equivalents. Id. at 1357, n.5. The Federal Circuit also noted that plaintiff had based his complaint on publicly available materials and, at the pleading stage in the litigation, did not need to allege the specifics of how "Sprint Nextel's purportedly infringing device works." Thus, the Federal Circuit's view of Fifth Circuit Law, post Bell Atlantic, requires that at a minimum, a *pro se* patent complaint conform with the elements of Form 16.

## IV.  THE COURT SHOULD DISMISS THE COMPLAINT OR ALTERNATIVELY ORDER A MORE DEFINITE STATEMENT

Plaintiffs' complaint fails to provide PBI with the most rudimentary notice as to what acts by PBI that Plaintiffs contend are impermissible and infringing. The complaint fails to identify a single allegedly infringing product, method or service of PBI's and should be dismissed for this reason alone. Cf., McZeal, 501 F.3d at 1357 (holding Fed. R. Civ. P. Form 16 requires identification of "[the device] embodying the patent" that is causing infringement); see also, Anticancer, 248 F.R.D. at 279. Plaintiffs assert eight patents-in-suit, yet fail to single out any one among the 476 involved claims, as being infringed. Nor does

---

[2] Plaintiffs' complaint fails to provide any statement that Plaintiffs contacted PBI prior to filing the complaint, and they did not.

Plaintiffs' description of alleged infringement, i.e., "importing, making, using, offering for sale, and/or selling computer hardware, software and systems in which information from a hardcopy document is extracted and transmitted to an application program" do anything more than generically describe the work of any photocopier, scanner or image processor. Simply put, there is no way that PBI, which has offered hundreds of products over the years, would be put on notice as to what allegedly infringing products it is producing, or has produced.

PBI, as would be any reader of the complaint, at base, is flummoxed to decipher the gravamen of this complaint. PBI is deprived of the ability to develop its own factual basis through internal investigation, in order to be able to respond to the complaint. It cannot admit or deny the allegations, nor formulate any counterclaims or affirmative defenses, as PBI does not know where to begin such a factual investigation and abide by its own Rule 11 obligations. The complaint requires sheer guess work, which can only be elaborated upon by consultation with Plaintiffs' counsel in informal settlement discussions. Having served an oblique complaint, a plaintiff enjoys the ability to then dangle bits of information over defendants facing both business and litigation unknowns to leverage a settlement. This is improper and palpably unfair.[3]

As the Wisconsin court noted in Bay Industries, Plaintiffs' counsel herein has by necessity previously undertaken a pre-filing factual inquiry per Rule 11 to satisfy himself that

---

[3] In fact, this appears to be Plaintiffs' precise strategy. In opposing PBI's request (made in the Rule 26(f) Report) that the Court restrict Plaintiffs' case to 24 claims from the eight patents-in-suit, Plaintiffs assert that the patents "have been the subject of dozens of litigations in which the Patents were eventually licensed and in none of those dozens of litigations were Plaintiffs subjected to any mandatory narrowing of their infringement allegations as Defendant is now proposing." Forcing defendants to deal with unmanageably large and unduly complex patent cases tends to result in otherwise substantively unwarranted settlements – a perfect strategy for plaintiffs such as Millennium and Eon-Net.

the suit is with merit. He should be readily able to put in the complaint at a minimum a description of one of PBI's infringing methods or devices. The Court may take judicial notice of the fact that PBI's products are available for public sale and rent. A plethora of operator's manuals and descriptive product materials – not merely marketing tools -- are available on the Internet without charge. Put simply, Plaintiffs can easily acquire, study and if need be, reverse engineer most PBI products to develop a good faith factual basis prior to advancing this complaint. In fact, this exercise should have already been performed before the complaint was filed. See Judin v. U.S., 110 F. 3d 780, 784 (Fed. Cir. 1997). Without reformation, the complaint is nothing more than a judicially sanctioned "fishing expedition" and invitation for discovery abusive – precisely what the Supreme Court cautioned against in Bell Atlantic.

In the alternative, this Court is respectfully requested to direct the plaintiff to provide a more definite statement: (1) identifying allegedly infringing devices; (2) identifying specific claims that are infringed and (3) describing Plaintiffs' understanding as to how these claims are infringed. This request is in keeping with the Joint Rule 26(f) Statement (Docket Index #7) previously submitted to this court.

Furthermore, as a matter of both fundamental fairness and ease of case administration, this Court is again respectfully requested to direct Plaintiffs to limit their assertions of infringement to 24 claims. Resolution of the supposed infringement of 476 claims is too much for any court. Discovery would be essentially boundless, forcing PBI to chase an ever-bouncing ball, from one allegedly infringed claim in one patent to another, and so on. At trial, the risk of confusion for the fact finder would be tremendous. The sheer cost of discovery and trial preparation for the defendant would be overwhelming (which is Plaintiffs' hope).

Plaintiffs must come forward with more facts before this Court permits this case to go down such a road. Bell Atlantic, 127 S.Ct at 1967 ("it is only by taking care to require that allegations reach the level [in the antitrust context, suggesting conspiracy], that we can hope to avoid the potentially enormous expense of discovery in cases with 'no reasonably founded hope that the [discovery] process will reveal relevant evidence'")(internal citations omitted).

## V. CONCLUSION

For all of the foregoing reasons, the complaint should be dismissed in its entirety pursuant to Fed. R. Civ. P. 12(b)(6), or in the alternative, Plaintiffs should be directed to provide a more definite statement in accordance with Fed. R. Civ. P. 12(e), and the Court should award attorneys fees, costs, and other such other relief as the Court deems appropriate, in favor of PBI, and against Plaintiffs.

Dated: September 2, 2008

            Respectfully submitted,

            EDWARDS ANGELL PALMER & DODGE, LLP

            By _____
            Peter C. Schechter
            Paul E. Dans
            pschechter@eapdlaw.com
            pdans@eapdlaw.com
            750 Lexington Avenue
            New York, NY 10022
            Tel.: 212-308-4411
            Fax: 212-308-4844

## CERTIFICATION OF SERVICE

I hereby certify that on September 2, 2008, a copy of the foregoing Notice of Motion, Pitney Bowes Inc.'s Memorandum in Support of its Motion to Dismiss, or in the Alternative, for a More Definite Statement and accompanying Declaration of Peter C. Schechter dated September 2, 2008 were filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

/s/ Paul E. Dans
Paul E. Dans